OPINION
{¶ 1} Defendant-appellant, Marvin Renner, appeals a decision of the Clinton County Court of Common Pleas overruling his motion to suppress evidence and his subsequent convictions on five drug-related charges. We affirm.
 {¶ 2} On November 29, 2001, appellant went to the home of Heidi Carpenter, located at 924 Cherry Street, in Blanchester, Ohio. Appellant was accompanied by Jamie Williams. They were hoping to visit Kevin Boots, who also lived at the residence. Boots was not home when the pair arrived around 10:00 PM. Carpenter allowed them into her home to await Boots' return. This was only appellant's second visit to Carpenter's residence.
 {¶ 3} The Warren County Sheriff's Office was attempting to locate Williams, who was wanted on multiple arrest warrants. After receiving an anonymous tip that Williams was at Carpenter's residence, Warren County deputies contacted the Blanchester police. Subsequently, three Blanchester police officers and two Warren County deputies went to the house. Warren County Deputy Sergeant Erik Tonstad knew from prior contact with Williams that he would be apt to flee from the officers. Consequently, the officers positioned themselves at the front and the back of the house to prevent Williams' flight. Sgt. Tonstad was positioned at the rear of the house, with another officer. From their vantage point, they could see into the kitchen, and Sgt. Tonstad observed appellant "cutting" a white powder on the kitchen table with a knife.
 {¶ 4} An officer knocked at the front door of the residence and Carpenter left the kitchen to answer the door. She consented to the officer's entry. Sgt. Tonstad, still at the rear of the house, observed appellant scoop up the powder from the table, deposit it into a plastic bag, and then wrap the bag in a paper towel. When Sgt. Tonstad met appellant at the back door, appellant tossed the paper towel into a dog food bag. The bag was examined and the plastic bag was recovered. Among other items, officers found five individually packaged bags of methamphetamine. Officers found a cut straw, a baggie of marijuana, a handgun, and two steak knives with a powdery residue, on the kitchen table. Carpenter consented to further search of the house and Williams was located in an upstairs bedroom.
 {¶ 5} Appellant was indicted on six counts: aggravating trafficking in drugs, a violation of R.C. 2925.03(A)(2); aggravated possession of drugs, a violation of R.C. 2925.11(A); possession of drugs, a violation of R.C. 2925.11(A); possession of drug paraphernalia, a violation of2925.14(C)(1); possession of marijuana, a violation of R.C. 2925.11(A); and, having a weapon while under a disability, a violation of R.C.2923.13(A)(2). Appellant filed a motion to suppress evidence, alleging that the warrantless search of the residence violated his constitutional rights. The trial court found that appellant lacked standing to challenge the search and overruled the motion. The matter was tried to a jury. The jury found appellant guilty on all counts, except the charge of possessing a weapon under a disability. Appellant was convicted and sentenced accordingly. He appeals, raising two assignments of error:
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The Trial Court erred to the Prejudice of defendant/appellant in ruling that marvin renner had no standing to contest the illegal search of the residence at 924 Cherry Street, Blanchester, Ohio."
 {¶ 8} Appellate review of a trial court's decision regarding a motion to suppress evidence involves mixed questions of law and fact. SeeState v. Long (1998), 127 Ohio App.3d 328, 332. When ruling on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. See State v. Treesh, 90 Ohio St.3d 460,472, 2001-Ohio-4; State v. Dunlap, 73 Ohio St.3d 308, 314,1995-Ohio-243. Accordingly, a reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the trial court's findings. See State v. Medcalf (1996),111 Ohio App.3d 142, 148. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. State v.Retherford (1994), 93 Ohio App.3d 586, 592. See, generally, United Statesv. Arvizu (2002), 534 U.S. 266, 122 S.Ct. 744.
 {¶ 9} Appellant alleges that the warrantless search of Carpenter's residence was conducted in violation of his constitutional rights. Fourth Amendment privacy rights are "personal rights which, like some other constitutional rights, may not be vicariously asserted." Rakas v.Illinois (1978), 439 U.S. 128, 99 S.Ct. 421, quoting Alderman v. UnitedStates (1969), 394 U.S. 165, 174, 89 S.Ct. 961, 967. Consequently, a person who alleges error by the use of evidence taken from someone else's property cannot claim that his own rights have been violated. State v.Coleman (1989), 45 Ohio St.3d 298, 306. Only those whose personal rights have been violated can raise Fourth Amendment claims. Id. Thus, in order to challenge a search or seizure on Fourth Amendment grounds, a defendant must possess a legitimate expectation of privacy in the area searched, and the burden is upon the defendant to prove facts sufficient to establish such expectation. United States v. Salvucci (1980), 448, U.S. 83, 100 S.Ct. 2547; State v. Steale (1981), 2 Ohio App.3d 105.
 {¶ 10} In the instant case, appellant is unable to demonstrate that he had an expectation of privacy in Carpenter's home. Appellant did not reside at the property, nor was he an overnight guest. He had visited the home on one other occasion, and had been in the home not even an hour when police arrived and the home was searched. "[A]n overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not." Minnesotav. Carter (1998), 525 U.S. 83, 119 S.Ct. 469, 471, citing Jones v. UnitedStates (1960), 362 U.S. 257, 259, 80 S.Ct. 725.
 {¶ 11} Appellant, having failed to establish a personal privacy interest in Carpenter's home, lacks standing to object to the search. Accord State v. Fannin, Cuyahoga App. No. 80014, 2002-Ohio-4180; Statev. Richard (Dec. 7, 2000), Cuyahoga App. No. 76796; State v. Caldwell
(Feb. 26, 1999), Montgomery App. No. 17175. The assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The trial court erred to the prejudice of defendant/appellant in over-ruling the motion for acquittal made at the close of the state's case, at the conclusion of the trial, and again subsequent to the jury returning a verdict, because the evidence was insufficient as a matter of law to sustain the charges contained in the 1st and 2nd counts contained on the indictment."
 {¶ 14} When an appellate court reviews a claim that a conviction is not supported by sufficient evidence, its inquiry focuses primarily upon the adequacy of the evidence. State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52. In reviewing a claim for sufficiency, the court is to examine the evidence presented at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks
(1991), 61 Ohio St.3d 259, 263. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Carter, 72 Ohio St.3d 545,553, 1995-Ohio-104. When reviewing a trial court's denial of a motion for acquittal under Crim.R. 29, an appellate court applies the same test as it would in reviewing a challenge based on the sufficiency of the evidence. See Thompkins at 386.
 {¶ 15} Appellant's only argument under this assignment of error is that Sgt. Tonstad's testimony, connecting appellant with the drugs found in the bag of dog food is not credible. Appellant thus concludes that the state presented insufficient evidence to support his convictions on charges of aggravated trafficking in, and possession of, methamphetamine.
 {¶ 16} Appellant's contention fails to recognize that in a review of the sufficiency of the evidence, this court does not engage in a determination of the witnesses' credibility. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Rather, this court defers to the trier of fact which is in the best position to judge the credibility of witnesses, and to determine the weight to be given the evidence. Id. Reviewing the record in a light most favorable to the prosecution, we conclude evidence was presented which, if believed, is sufficient to support appellant's conviction for aggravated trafficking in drugs, with a special finding that appellant possessed a schedule II drug in an amount exceeding the bulk amount, but less than five times the bulk amount, and that the offense occurred within the vicinity of a school. We also find that there was sufficient evidence to support appellant's conviction for possession of a schedule II drug, with a special finding that he possessed the drug in an amount equal to or exceeding the bulk amount, but less than five times the bulk amount.
 {¶ 17} The elements of trafficking in drugs are set forth in R.C. 2925.03, which states in relevant part:
 {¶ 18} "(A) No person shall knowingly do any of the following:
 {¶ 19} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 20} Pursuant to R.C. 3719.41, methamphetamine is a schedule II controlled substance. The bulk amount of a controlled substance containing any amount of a schedule II stimulant is three grams. R.C.2925.01(D)(1)(g). An offense is committed "in the vicinity of a school" if the offense is committed within one thousand feet of the boundaries of a school premises. R.C. 2925.01(P).
 {¶ 21} Sgt. Tonstad testified that he saw appellant discard the plastic bag, wrapped in a paper towel, into a sack of dog food. When the bag was examined, five plastic bags, each containing methamphetamine, and altogether weighing 7.07 grams, were found, along with other drugs and drug paraphernalia. There was further testimony that Carpenter's residence was 802 feet from the premises of a school.
 {¶ 22} Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that appellant intended to deliver or prepare to deliver the drugs, in an amount exceeding the bulk amount as defined in R.C. 2925.01(D), and that the offense took place within 1,000 feet of a school. Consequently, there was sufficient evidence to convict appellant of the charged offense.
 {¶ 23} In the second count, appellant was convicted of possession of methamphetamine in excess of the bulk amount, in violation of2925.11(A), which states: "No person shall knowingly obtain, possess, or use a controlled substance." Again reviewing the evidence in a light most favorable to the prosecution, we find that the testimony recited earlier equally supports appellant's conviction on this count. Appellant's convictions are supported by sufficient evidence and, accordingly, the second assignment of error is overruled.
 {¶ 24} Judgment affirmed.
VALEN, P.J., and POWELL, J., Concur.