[Cite as *State v. Ross*, 2014-Ohio-4526.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2014-01-004 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>10/13/2014 |
| - vs - | : | |
| | : | |
| JASON ROSS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CR29435

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Law Offices of Jeffery E. Richards, Jeffery Richards, 147 Miami Street, P.O. Box 536, Waynesville, Ohio 45068, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Jason Ross, appeals from his conviction in the Warren County Court of Common Pleas for one count of possession of a deadly weapon while under detention. For the reasons outlined below, we affirm.

{¶ 2} On September 3, 2013, a Warren County grand jury returned an indictment against Ross charging him with one count of possession of a deadly weapon while under

detention in violation of R.C. 2923.131(B), a second-degree felony pursuant to R.C. 2923.131(C)(2)(b)(i). The charges arose after corrections officers at the Lebanon Correctional Institution found rebar and a filed-off piece of aluminum measuring approximately seven inches long in Ross' cell during a routine search. It is undisputed that at the time the objects were found, Ross was incarcerated resulting from his conviction for aggravated burglary in violation of R.C. 2911.11(A)(2), a first-degree felony. It is also undisputed that Ross had been the only inmate assigned to the cell for a period of 25 days when the rebar and aluminum were found by corrections officers.

{¶ 3} A one-day jury trial was held on December 19, 2013. Following the jury trial, Ross was found guilty. The trial court then sentenced Ross to serve an additional six years in prison. Ross now appeals from his conviction, raising one assignment of error for review.

{¶ 4} THE TRIAL COURT ERRED BY ALLOWING EVIDENCE THAT WAS LEGALLY INSUFFICIENT TO FIND APPELLANT GUILTY.

{¶ 5} In his single assignment of error, Ross argues his conviction must be reversed as it was not supported by sufficient evidence. We disagree.

{¶ 6} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.); *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the sufficiency of the evidence claim, this court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. In turn, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of

the syllabus. Proof beyond a reasonable doubt is "proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." R.C. 2901.05(E).

{¶ 7}   As noted above, Ross was convicted on one count of possession of a deadly weapon while under detention in violation of R.C. 2923.131(B). Pursuant to that statute, "[n]o person under detention at a detention facility shall possess a deadly weapon." As defined by R.C. 2923.11(A), the term "deadly weapon" means "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

{¶ 8}   In this case, Ross does not challenge the jury's finding he was under detention at a detention facility at the time the items were found within his cell, nor does he challenge the jury's finding that the rebar and filed off piece of aluminum were deadly weapons. Rather, Ross merely argues his conviction must be reversed because "[t]here was not a scintilla of evidence that [he] knew the items were in the cell, or had ever touched the items."

{¶ 9}   The state, however, introduced evidence from the corrections officers and prison staff that Ross' cell would have been searched at least twice prior to him being moved into that cell, as well as at least once during the 25 days he had been confined within that cell. In addition, the state introduced evidence that the doors to his cell were secured any time Ross would leave his cell, thereby making it virtually impossible for any other inmates to place anything within the cell. There was also evidence introduced by the state that nobody other than the inmate himself and the corrections officers had access to the cell.

{¶ 10} Nevertheless, Ross testified that the rebar and piece of aluminum found in his cell were not his and that he did not know that they were hidden within his cell. Ross also testified he was a "cage fighter" so he "never needed a knife in prison." Yet, while it may be true that Ross denied the rebar and aluminum found in his cell were his, it is well-established

that in reviewing a claim challenging the sufficiency of the evidence, "this court defers to the trier of fact which is in the best position to judge the credibility of witnesses, and to determine the weight to be given the evidence." *State v. Florence*, 12th Dist. Butler No. CA2013-05-070, 2014-Ohio-167, ¶ 18, quoting *State v. Renner*, 12th Dist. Clinton No. CA2002-08-033, 2003-Ohio-6550, ¶ 16. Therefore, because the state provided ample evidence, albeit circumstantial, to support Ross' conviction for possession of a deadly weapon while under detention, Ross' single assignment of error is overruled.

{¶ 11} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.