[Cite as *State v. Jones*, 2016-Ohio-7831.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-09-172 |
| | : | O P I N I O N |
| - vs - | | 11/21/2016 |
| | : | |
| RICKEY D. JONES, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR15-01-0139

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Repper, Pagan, Cook, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Rickey Jones, appeals the decision of the Butler County Court of Common Pleas, denying his motion to suppress evidence obtained from a search of a residence. For the reasons detailed below, we affirm.

{¶ 2} On February 4, 2015, appellant was indicted on: (1) one count of trafficking in marijuana in violation of R.C. 2925.03, a third-degree felony, (2) two counts of possession of

marijuana in violation of R.C. 2925.11, both third-degree felonies, and (3) permitting drug abuse in violation of R.C. 2925.13, a fifth-degree felony.

{¶ 3} The charges stemmed from an investigation involving a large scale marijuana trafficking organization throughout the Greater Cincinnati area. Following an investigation, Detective James Whitehouse prepared an affidavit in support of a search warrant for 6223 Zoellners Place in Hamilton, Ohio, a residential property suspected as a possible marijuana distribution point.

{¶ 4} The affidavit identified Aris Trammell as the primary resident of that address. In addition, Detective Whitehouse averred that law enforcement officials had conducted a trash pull on the premises and found evidence of marijuana trafficking. Furthermore, the affidavit included information about appellant and his prior history in drug trafficking. The information contained in Detective Whitehouse's affidavit provided that: (1) appellant's vehicle had been identified at Trammel's residence, (2) appellant had been seen entering Trammel's residence, and (3) appellant had been seen speaking with unidentified drivers in Trammel's driveway. Based upon all of the information gathered in the investigation, Detective Whitehouse averred that he believed that probable cause existed that appellant and Trammell were using the residence to store and distribute marijuana and the monetary proceeds from those sales.

{¶ 5} A search warrant was subsequently authorized. The search revealed the presence of a large scale marijuana operation, and officers recovered more than 5,000 grams of marijuana and other evidence of drug trafficking, including a firearm, a digital scale, bagging material, and six cell phones.

{¶ 6} While his criminal charges were pending, appellant filed a motion to suppress. The trial court denied the motion, reasoning that the affidavit in support of the search warrant sufficiently established probable cause. Appellant later pled no contest to the trafficking and

possession charges and was sentenced to an 18-month prison term. Appellant now appeals the denial of his motion to suppress, raising a single assignment of error for review:

{¶ 7}   THE TRIAL COURT ERRED IN OVERULING THE MOTION-TO-SUPPRESS.

{¶ 8}   In his sole assignment of error, appellant argues the trial court erred by denying his motion to suppress. However, given our finding that appellant failed to prove that he had standing to challenge the seizure of marijuana from Trammel's home, we find that the trial court did not err in denying his motion.

{¶ 9}   Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Brannon*, 12th Dist. Clinton No. CA2014-09-012, 2015-Ohio-1488, ¶ 24. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *State v. Cruz*, 12th Dist. Preble No. CA2013-10-008, 2014-Ohio-4280, ¶ 12. Therefore, when reviewing the denial of a motion to suppress, a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 19. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 14.

{¶ 10}   The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect individuals from unreasonable governmental searches and seizures. *State v. Grant*, 12th Dist. Preble No. CA2014-12-014, 2015-Ohio-2464, ¶ 13. Fourth Amendment privacy rights are "personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-134, 99 S.Ct. 421 (1978). As such, a person who alleges error by the use of evidence taken from

- 3 -

someone else's property cannot claim that his own rights have been violated. *State v. Coleman*, 45 Ohio St.3d 298, 306 (1989). Only those whose personal rights have been violated can raise Fourth Amendment claims. *Id.*; *State v. Rodriguez*, 12th Dist. Butler No. CA2015-02-024, 2016-Ohio-452, ¶ 13. Thus, in order to challenge a search or seizure on Fourth Amendment grounds, a defendant must possess a legitimate expectation of privacy in the area searched, and the burden is upon the defendant to prove facts sufficient to establish such expectation. *State v. Graves*, 12th Dist. Clermont No. CA2015-03-022, 2015-Ohio-3936, ¶ 10.

{¶ 11} In limited circumstances, a person may have an expectation of privacy in the house of someone else, such as an overnight guest in the residence. *Rodriguez* at ¶ 14, citing *Minnesota v. Carter*, 525 U.S. 83, 89, 119 S.Ct. 469 (1998). However, "one who is merely present with the consent of the householder may not" claim a reasonable expectation of privacy in the home of another. *Id.*; *State v. Renner*, 12th Dist. Clinton No. CA2002-08-033, 2003-Ohio-6550, ¶ 10.

{¶ 12} In the instant case, appellant did not present any evidence that he had a reasonable expectation of privacy in Trammell's home. The only facts relating to appellant's involvement at Trammel's home were provided in Detective Whitehouse's affidavit. As previously noted, Detective Whitehouse averred (1) appellant's vehicle had been identified at Trammel's residence, (2) appellant had been seen entering Trammel's residence, and (3) appellant had been seen speaking with unidentified drivers in Trammel's driveway. There was no evidence that appellant lived at Trammel's residence, stayed there, was a guest there, or had ever been inside the home more than the one time referenced in the affidavit. As appellant failed to establish a privacy interest in Trammel's home, we find he lacks standing to object to the search. *See e.g.*, *Renner* at ¶ 10-11; *Coleman* at 306.

{¶ 13} During oral argument the parties disputed whether the state had preserved the

issue of standing, as the state first raised the issue of standing in its opening appellate brief. The state cited *United States v. Noble*, 762 F.3d 509, 528 (6th Cir. 2014), for the proposition that the government preserves its right to contest standing if raised during its opening brief. While the issue of whether the government may forfeit or waive its objection to standing remains unsettled, that specific issue is not presently before this court. *See, e.g., Id.* (referencing the split of authority and holding "if the government fails to raise the issue of standing in its opening brief on appeal, then the objection is waived"). The well-established law provides that, in these instances, the defendant has the burden of proving that he had a legitimate expectation of privacy in the area searched. *State v. Dennis*, 79 Ohio St.3d 421, 426 (1997), citing *Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556 (1980); *State v. Williams*, 73 Ohio St.3d 153, 166 (1995); *State v. Campbell*, 12th Dist. Butler Nos. CA2014-02-048 and CA2014-02-051, 2014-Ohio-5315, ¶ 16; *Rodriguez*, 2016-Ohio-452 at ¶ 13. Here, appellant failed to present any evidence to show a legitimate interest of privacy in Trammel's home.

{¶ 14} Because the motion to suppress was properly denied on the basis of standing alone, we need not address appellant's remaining arguments. Appellant's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.